IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EQT GATHERING EQUITY, LLC,

           Plaintiff,

v.                                           CIVIL ACTION NO. 2:13-cv-08059

STEVE MARKER,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Steve Marker's motion to dismiss [ECF 6]. For the reasons that follow, the Court **DENIES** the motion.

*I. BACKGROUND*

This dispute centers on a gas pipeline operated by Plaintiff EQT Gathering Equity, LLC, also known as EQT Midstream ("EQT"), that crosses through a tract of land owned by Defendant Steve Marker in Lincoln County, West Virginia. EQT filed a Petition seeking injunctive relief, a declaratory judgment, and damages caused by Defendant's alleged trespass on EQT's right-of-way.[1] The relief EQT seeks includes a judgment ordering Defendant Marker to refrain from encroaching EQT's right-of-way, to pay for any costs associated with repairs to the pipeline

---

[1] Despite its allegations of severe and irreparable harm, EQT, which filed its petition in April 2013, has never contacted the Court and requested a hearing on its Petition. Nor has EQT requested acceleration of the June 16, 2015, trial date set by the Court's Scheduling Order. The Court can only assume that the parties have reached some out-of-court agreement about Defendant's activities near the pipeline pending resolution of this suit.

caused by Defendant's alleged encroachment, and to pay for costs associated with the relocation of the pipeline. Marker filed a counterclaim alleging nuisance and, later, an amended counterclaim alleging private nuisance, trespass, breach of contract, and promissory estoppel (ECF 9, 23).

Defendant Marker filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenging the Court's diversity jurisdiction under 28 U.S.C. § 1332. Specifically, Marker asserts that "upon information and belief" complete diversity between the parties is lacking and the amount in controversy is less than $75,000. (ECF 6 at 1.) Plaintiff EQT filed a response in opposition to the motion to dismiss (ECF 7). Marker did not reply. This matter is now ripe for review.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion may attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face contending that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Campbell v. United States*, Civil Action No. 2:09–0503, 2010 WL 696766, at *7 (S.D. W. Va. Feb. 24, 2010) (Copenhaver, J.) (citing *Adams*, 697 F.2d at 1219). Second, the defendant can assert that the allegations in the complaint establishing jurisdiction are not true. *Id.* In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

*B.    Analysis*

Plaintiff EQT relies on this Court's diversity jurisdiction under 28 U.S.C. § 1332. This Court may exercise diversity jurisdiction over this case if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity exists under § 1332 if no plaintiff is a citizen of the same state as any defendant. *See, e.g., Rosmer v. Pfizer*, 263 F.3d 110, 123 (4th Cir. 2001).

*1.    Complete Diversity Exists between the Parties*

In his motion to dismiss, Defendant Marker states that he was not aware at the time of the filing of the motion of the residency of the members of EQT's limited liability company. Thus, his jurisdictional attack on this basis appears to be protective. In their response to the motion to dismiss, Plaintiff EQT states that EQT is a Delaware limited liability company with its principal place of business located in Pittsburgh, Pennsylvania. EQT states that the sole member of EQT is EQT Gathering, Inc., a Pennsylvania corporation with a principal place of business in Pittsburgh. EQT tendered the sworn affidavit of its corporate secretary, Nicole King, evidencing these facts.[2] Marker is a West Virginia citizen. Thus, this suit is between citizens of two different states and diversity is complete.

*2.    Defendant Marker Fails to Demonstrate to a Legal Certainty that the Amount in Controversy is $75,000 or Less*

Defendant Marker contends, without elaboration, that amount in controversy in this case is less than $75,000. Plaintiff EQT responds that it stated in its initial pleading that the amount in

---

[2]  The Court notes that Ms. King's affidavit bears the style of an entirely different lawsuit.

controversy exceeds $75,000 and this assertion should be accepted as true. Additionally, EQT offers a copy of a letter it sent to Marker's counsel in February 12, 2013. (ECF 7–2.) In this letter, EQT proposes two different options for resolving the dispute. One of these options involves the relocation of the gas pipeline, which EQT estimates to be between $258,000 and $306,000. Marker filed no reply to EQT's response.

"In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *Id*. (citing *Red Cab Co.* at 289). "Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden. They must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Id.* (citing *Wiggins v. N. Am. Equitable Life Assurance Co*., 644 F.2d 1014, 1017 (4th Cir. 1981) (internal quotation omitted). "Courts generally determine the amount in controversy by reference to the plaintiff's complaint." *Id*. (citing *Wiggins*, 644 F.2d at 1016). "[L]ike requests for money damages, requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *Id.* at 639 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") and *Glenwood Light & Water Co. v. Mut. Light, Heat & Power Co*., 239 U.S. 121, 125 (1915) (finding jurisdiction by looking at future value generated by injunction)). *Id.* Plaintiffs may

4

aggregate smaller claims in order to reach the jurisdictional threshold. *Id.* (citing *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995)). Courts "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *Id.* (citing *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).

In Count II of EQT's Petition, it requests, among other things, a declaratory judgment that Marker be obligated to pay for any replacement or relocation costs for EQT's pipeline and an order that Marker refrain from any future encroachment of EQT's right-of-way. EQT alleges in its Petition that the amount in controversy exceeds $75,000. It has tendered evidence that the costs of relocating the pipeline would be between $258,000 and $306,000—estimates well above the $75,000 jurisdictional threshold. In diversity suits for injunctive relief, the costs of relocation of a gas pipeline may be considered in the amount in controversy determination because those costs are part of the value of the rights that EQT seeks to protect. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539–40 (3d. Cir. 1995) (citing *Glenwood Light & Water Co.*, 239 U.S. at 125 ("We are unable to discern any sufficient ground for taking this case out of the rule applicable generally to suits for injunction to restrain a nuisance, a continuing trespass, or the like, viz., that the jurisdictional amount is to be tested by the value of the object to be gained by complainant. The object of the present suit is not only the abatement of the nuisance, but (under the prayer for general relief) the prevention of any recurrence of the like nuisance in the future.)).

Marker filed no reply to EQT's response to the motion to dismiss. There is no suggestion by Marker or in the record that EQT's relocation cost estimates were not made in good faith.

5

Thus, Defendant Marker has failed to demonstrate to a legal certainty that EQT's claims are really for less than jurisdictional amount.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Marker's motion to dismiss [ECF 6].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 7, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE